UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

DAVID RODRIGUEZ,                          )
             Plaintiff,                    )
                                      )
        vs.                                   )        1:04-cv-786-RLY-WTL
                                        )
RAYTHEON TECHNICAL SERVICES     )
COMPANY, LLC,                             )
             Defendant.                  )

**ENTRY ON DEFENDANT'S MOTION TO DISMISS OR, IN THE
ALTERNATIVE, MOTION TO RECONSIDER**

**I.      Introduction and Procedural History**

      The original complaint in this age discrimination case was filed on May 3, 2004.

Plaintiff, David Rodriguez ("Plaintiff"), had filed a complaint with the EEOC on October

13, 2003, alleging violations of the Age Discrimination in Employment Act ("ADEA"),

29 U.S.C. § 621, *et seq.*, by Defendant, Raytheon Technical Services Company, LLC

("Defendant").  On January 29, 2004, the EEOC mailed Plaintiff a right-to-sue letter,

which notified Plaintiff that he had 90 days from his receipt of the letter to file a lawsuit

against Defendant for the allegations in his EEOC complaint.  Defendant was never

properly served with the original complaint.  After Plaintiff failed to serve Defendant and

failed to show cause why the case should not be dismissed, the court dismissed the case

without prejudice on April 19, 2005, for lack of prosecution.

      On September 29, 2006, a new attorney for Plaintiff filed with the court his

appearance, an amended complaint, a motion to reinstate the case, and a motion for extension of time to effectuate service.  The court granted both the motion for extension of time to effectuate service and the motion to reinstate the case.  Defendant was properly served with the summons and amended complaint on November 16, 2006.

Defendant filed the present motion to dismiss or reconsider on December 18, 2006, arguing that Plaintiff's amended complaint is untimely, or in the alternative, that the court should reconsider its previous rulings on Plaintiff's motion for extension of time to effectuate service and motion to reinstate the case.

## II.    Discussion

Typically, the filing of a lawsuit stops the running of the statute of limitations. *Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000).  However, if that suit is dismissed without prejudice, the tolling effect of filing suit is eliminated, and the statute of limitations is considered to have continued running from the accrual of the cause of action, without interruption by that filing.  *Id*.  The ADEA provides that an individual has 90 days after receiving notice of the right to sue from the EEOC to file a civil action against the respondent, i.e. his or her employer, named in the EEOC charge of discrimination.  29 U.S.C. § 626(e).

In this case, the original complaint was filed on May 3, 2004, arguably within the 90 days of receiving notice of the right to sue.[1]  However, due to Plaintiff's continual

---

[1] The letter from the EEOC was dated January 29, 2004, but the facts of the case do not indicate when Plaintiff actually received that letter.  The statute of limitations runs from the date that Plaintiff *received* notice of the right to sue, not when the EEOC dates the notice.  29 U.S.C.

failure to respond to the court's orders, the court dismissed the original complaint without prejudice on April 19, 2005.  Therefore, the filing of the original complaint was insufficient to toll the running of the statute of limitations, and the statute continued running from on or about January 29, 2004.  The amended complaint was not filed until September 29, 2006, approximately 20 months after the right-to-sue notice was dated and well beyond the 90-day limitation period specified in the ADEA.  Plaintiff's complaint is thus untimely.  Defendant's motion to dismiss is therefore **GRANTED**.

In addition, the court notes that Plaintiff did not respond to Defendant's statute of limitations argument in his Response to Defendant's motion to dismiss.  As such, Plaintiff has waived that argument.  *See County of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 818 (7th Cir. 2006).

Because the court finds that Plaintiff's amended complaint is barred by the statute of limitations and dismisses the suit on that ground, it need not address Defendant's motion to reconsider the court's previous Orders granting Plaintiff's motion for extension of time to effectuate service and motion to reinstate the case.

## III.    Conclusion

For the reasons set forth above, the court **GRANTS** Defendant's motion to dismiss

---

§ 626(e).  Therefore, for purposes of this motion, the court will assume that May 3, 2004, was within 90 days of Plaintiff receiving the right-to-sue letter.

(Docket # 21) because Plaintiff's amended complaint is barred by the statute of

limitations.

**SO ORDERED** this 9th day of May 2007.

_____

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Dorothy D. Parson
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
dorothy.koontz@odnss.com

Norman L. Reed
reedsmithlaw@aol.com

Kenneth B. Siepman
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
kenneth.siepman@odnss.com